UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 3 0 2002

Michael N. Milby, Clerk

| | | |
|---|---|---|
| BRIDESAVE.COM, L.L.C., <br> PLAINTIFF, <br><br> VS. <br><br> MAGGIE SOTTERO DESIGNS, L.L.C. <br> d/b/a MAGGIE SOTTERO BRIDAL, <br> BOULEVARD BRIDAL, INC., <br> A&M ROSENTHAL ENT. INC., d/b/a <br> DESSY CREATIONS AND DESSY <br> MARKETING AND DIST., INC., <br> BRIDES-MART, INC., ALL THE RAGE, <br> INC., CARYN'S BRIDALS FORMALS <br> AND TUXEDOS, INC., EVERYONE'S <br> FAVORITE WEDDING CENTER n/k/a <br> CENTRAL COAST WEDDING CENTER, <br> VICTORIA'S BRIDAL COLLECTION, a <br> DIVISION OF BRIDMAX, INC., AND <br> JAY'S DRESS SHOP, INC. d/b/a <br> JAY'S BRIDAL & SPECIAL OCCASION, <br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-02-2789 <br><br> JURY TRIAL DEMANDED <br><br> UNITED STATES DISTRICT COURT <br> SOUTHERN DISTRICT OF TEXAS <br> ENTERED <br><br> AUG 0 1 2002 <br><br> MICHAEL N. MILBY, CLERK |

### STIPULATION AND JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The parties whose counsel sign this Stipulation have agreed without any admission of liability by any party, that the court should enter a judgment in this matter as between the Plaintiff BrideSave.com, L.L.C. ("BrideSave") and Defendants A&M Rosenthal Enterprises Inc., d/b/a Dessy Creations, Inc. and Dessy Marketing & Distribution, Inc., (collectively the "Dessy Defendants") containing the following terms and conditions :

1. The Dessy Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, or any of them, are permanently enjoined from:

    A. Terminating BrideSave as an authorized dealer and distributor of the Dessy Defendants' wedding products for a period of two (2) years from the

16

1

date of this Order so long as BrideSave timely pays for all wedding products that it orders from the Dessy Defendants in accordance with the Dessy Defendants' standard credit practices;

B. Attempting to prohibit BrideSave from advertising over the Internet or in other media using the Dessy Defendants' name, pictures of its products, and BrideSave's retail prices;

C. Retaliating against BrideSave in any manner for filing this litigation, including, without limitation, deliberately delaying shipment of ordered wedding products, deliberately shipping non-conforming wedding products to BrideSave, and delaying or refusing to timely provide BrideSave with standard catalogs, promotions, specials and pictures customarily furnished by the Dessy Defendants to other wedding product retailers;

D. Communicating with other manufacturers, designers or retailers of wedding products concerning proposed manufacturer's or designer's suggested retail or resale prices, manufacturer's or designer's suggested minimum advertising prices, or Keystone prices;

E. Threatening to cease doing business with any entity because that entity conducts business with BrideSave; and from

F. Omitting BrideSave from the Dessy Defendants' Internet site store locator and any other list of the Dessy Defendants' authorized dealers.

2. The Dessy Defendants are further ORDERED to produce to BrideSave's counsel as expeditiously as possible, but, in any event, on or before August 26, 2002, all e-mails, correspondence, notes and other documents reflecting communications between or among two or more persons or entities concerning (a) minimum suggested retail or resale prices, (b) minimum

suggested advertising prices, (c) Keystone prices, (d) internet advertising or sale of wedding products, (e) discounting practices or prices for wedding products and (f) BrideSave.

3. All other claims, counterclaims, or cross-claims between the parties to this Stipulation requesting any form of relief are denied.

4. Each party shall bear its own costs.

5. The parties whose counsel sign this Stipulation also agree and represent to the court that:

A. This court has jurisdiction over the subject matter of this action and each party to this Stipulation, not only for the purposes of rendering this stipulated judgment, but also for enforcing it in any manner permitted by law.

B. The parties have been fully counseled on and understand the consequences of this Stipulation.

C. The attorneys who have signed this Stipulation on behalf of the parties are fully authorized to make this Stipulation and enter into the judgment set forth below on behalf of their respective clients.

SO STIPULATED, as of July 29, 2002:

For the Plaintiffs: BrideSave.com, L.L.C.

By: _____
Thomas T. Hutcheson
State Bar No. 10336500
S.D. Tex. ID No. 4823
600 Travis Street
Suite 3300
Houston, Texas 77002
(713) 226-1355
(713) 223-3717 (Fax)

*ATTORNEY-IN-CHARGE FOR PLAINTIFF BRIDESAVE.COM, L.L.C.*

OF COUNSEL:

Jess Hall, Jr.
State Bar No.: 08783000
Gregory J. Casas
State Bar No.: 00787213
S.D. Tex. ID No. 16836
Paul C. VanSlyke
State Bar No.: 20457000
Locke Liddell & Sapp
600 Travis Street, Suite 3300
Houston, Texas 77002
(713) 226-1200
(713) 223-3717 (Fax)


For Defendants A&M Rosenthal Entperprises Inc., d/b/a Dessy Creations, Inc. and Dessy Marketing & Distribution, Inc.

By: /s/ Matthew Cantor
Matthew Cantor
Constantine & Partners
477 Madison Avenue, 11th Floor
New York, New York 10022
212-350-2700
212-350-2701 (Fax)

*ATTORNEY-IN-CHARGE FOR DEFENDANTS A&M ROSENTHAL ENTERPRISES INC. d/b/a DESSY CREATIONS, INC. and DESSY MARKETING & DISTRIBUTION, INC.*

4

## **JUDGMENT**

According to the terms of the Stipulation set forth above,

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants A&M Rosenthal Enterprises Inc., d/b/a Dessy Creations, Inc. and Dessy Marketing & Distribution, Inc. (collectively "the Dessy Defendants"), their officers, agents, servants, employees, and all persons in active concert or participation with them, or any of them, are permanently enjoined from:

1. Terminating BrideSave as an authorized dealer and distributor of the Dessy Defendants' wedding products for a period of two (2) years from the date of this Order so long as BrideSave timely pays for all wedding products that it orders from the Dessy Defendants in accordance with the Dessy Defendants' standard credit practices;

2. Attempting to prohibit BrideSave from advertising over the Internet or in other media using the Dessy Defendants' name, pictures of its products, and BrideSave's retail prices;

3. Retaliating against BrideSave in any manner for filing this litigation, including, without limitation, deliberately delaying shipment of ordered wedding products, deliberately shipping non-conforming wedding products to BrideSave, and delaying or refusing to timely provide BrideSave with standard catalogues, promotions, specials and pictures customarily furnished by the Dessy Defendants to other wedding product retailers;

4. Communicating with other manufactures, designers or retailers of wedding products concerning proposed manufacturer's or designer's suggested retail or resale prices, manufacturer's or designer's suggested minimum advertising prices, or Keystone prices;

5. Threatening to cease doing business with any entity because that entity conducts business with BrideSave; and

6. Omitting BrideSave from the Dessy Defendants' Internet site store locator and any other list of the Dessy Defendants' authorized dealers.

HOUSTON:018602/00000:755122v1

The Dessy Defendants are further ORDERED to produce to BrideSave's counsel as expeditiously as possible, but, in any event, on or before August 26, 2002, all e-mails, correspondence, notes and other documents reflecting communications between or among two or more persons or entities concerning (a) minimum suggested retail or resale prices, (b) minimum suggested advertising prices, (c) Keystone prices, (d) internet advertising or sale of wedding products, (e) discounting practices or prices for wedding products and (f) BrideSave.

All other claims, counterclaims, or cross-claims between BrideSave and the Dessy Defendants requesting any form of relief are denied, with each party to bear its own costs.

Dated: July 31, 2002

_____
UNITED STATES DISTRICT JUDGE

7

## Certificate of Service

I certify that a true and correct copy of the foregoing pleading has been served on all other parties and/or their counsel on the 30th day of July, 2002.

_____
Thomas T. Hutcheson

HOUSTON:018602/00000:755122v1